**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose CORTEZ–VILLANUEVA, also
known as Jose Luis Hernandez–
Cortez, Defendant–Appellant.**

No. 04–41193
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 3, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM,
BENAVIDES, and DENNIS, Circuit
Judges.

PER CURIAM: *

Jose Cortez–Villanueva ("Cortez") appeals his sentence following his guilty-plea conviction for illegal reentry after deportation. We pretermit discussion of the validity of his appeal waiver because, for the reasons discussed below, Cortez is not entitled to relief.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Cortez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of the Supreme Court's decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Cortez's argument concerning the constitutionality of 8 U.S.C. § 1326(b) is, as he concedes, foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Izaguirre–Flores,* 405 F.3d 270, 277–78 (5th Cir.2005), *cert. denied,* —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d ——, 2005 WL 1786638 (July 22, 2005) (No. 05–5469).

Cortez also argues for the first time in a supplemental brief that the district court erred by sentencing him under the mandatory Guideline regime held unconstitutional in *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We review this argument for plain error. *See United States v. Martinez–Lugo,* 411 F.3d 597, 600 (5th Cir.2005). Our review of the record does not reveal that the district court's error affected the outcome of the sentencing proceedings. *See id.* at 600–01. Therefore, Cortez has failed to establish that the error affected his substantial rights and he consequently cannot meet the plain error standard of review. *Id.*

AFFIRMED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.